# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-3021

———————

Mamie C. Wray,                                              *
                                                           *
             Appellant,                                    *
                                                           *    Appeal from the United States
      v.                                                   *    District Court for the Western
                                                           *    District of Arkansas.
Jo Anne B. Barnhart, Commissioner of   *
the Social Security Administration,          *    [UNPUBLISHED]
                                                           *
             Appellee.                                     *

———————

Submitted: February 21, 2003
Filed:  March 27, 2003

———————

Before HANSEN, Chief Judge, MELLOY and SMITH, Circuit Judges.

———————

PER CURIAM.

Mamie C. Wray appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas, affirming the Commissioner's decision to deny her application for disability insurance benefits.  For reversal, Wray argues that the administrative law judge (ALJ) erred in discrediting her subjective complaints of disabling pain and in finding that she retained the residual functional capacity (RFC)

———————

[1]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

to perform her past relevant work. For the reasons discussed below, we affirm the judgment of the district court.

We find substantial evidence supports the ALJ's decision to discredit Wray's subjective complaints. See Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000) (standard of review). The ALJ considered the relevant factors in evaluating Wray's credibility, found her reported daily-living activities were inconsistent with the lack of limitations placed on her by physicians, and noted that she had not been found incapable of performing her past work because of any impairment. See Dunahoo v. Apfel, 241 F.3d 1033, 1038-39 (8th Cir. 2001) (ALJ's credibility determination supported by substantial evidence where he recited appropriate factors and noted inconsistencies in record such as lack of physician-ordered functional restrictions).

We also find substantial evidence supports the ALJ's finding that Wray retained the RFC to perform her past relevant work of secretary. Wray testified she could stand for 5-10 minutes, sit for 20 minutes, and walk 50 feet; no treating physician limited any of her physical activities; and a consulting physician found that Wray had normal range of motion in her spine and all extremities and could lift 10 pounds. See 20 C.F.R. § 404.1567(a) (2002) (sedentary work requires occasional walking and standing, and lifting no more than 10 pounds); U.S. Dep't of Labor, Dictionary of Occupational Titles, § 201.362-030 (4th ed. 1991) (classifying secretarial work as sedentary).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.